# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re:<br>　　Belinda M. Behnava<br><br>　　Debtor | Chapter 7<br><br>Case No. 18-30731-EDK |
| David W. Ostrander, Trustee<br>Plaintiff<br>vs.<br>Quinnipiac University<br>Defendant | Adversary Proceeding No. |

## **TRUSTEE'S COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

1. This is an adversary proceeding filed pursuant to 11 U.S.C. §§ 544, 548 and 550, and Federal Rule of Bankruptcy Procedure 7001 *et seq.* and Massachusetts General Laws Chapter 109A (the Uniform Fraudulent Transfer Act) to avoid certain fraudulent transfers of the Debtor's property.

2. The Court has jurisdiction over the matters set forth herein pursuant to 28 U.S.C. §1334.

3. Pursuant to 28 U.S.C. §§ 157(b)(2)(H), the matters set forth herein constitute core proceedings.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

5. The Plaintiff, David W. Ostrander, is the duly appointed, qualified and acting Trustee ("Plaintiff" or "Trustee") in bankruptcy of Belinda M. Behnava (the "Debtor").

6. The Defendant, Quinnipiac University ("Defendant" or "Quinnipiac"), is a Connecticut corporation with its principal place of business at 275 Mount Carmel Avenue, Hamden, Connecticut (CT) 06518.

7. The Debtor filed a Chapter 7 Voluntary Petition on August 28, 2018.

8. The Debtor is the mother of Saman Behnava (hereafter "Saman").

9. In the four years prior to the Petition Date, the Debtor made payments of at least $41,000 to Quinnipiac on behalf of Saman for tuition and other fees.

10. During that four year period preceding the Petition Date, Saman was 18 years of age or older and was a student at Quinnipiac.

11. During that four year period preceding the Petition Date, the Debtor was insolvent.

## COUNT 1

12. The Plaintiff repeats and realleges paragraphs 1 through 11 and incorporates them herein.

13. The Debtor did not receive reasonably equivalent value in consideration for the payments made to Quinnipiac on behalf of Saman.

14. Upon information and belief, on the dates that the Debtor made the payments to Quinnipiac, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay such debts as they became due.

15. The payments made to Quinnipiac constitute fraudulent transfers within the meaning of M.G.L. ch. 109A.

16. Pursuant to 11 U.S.C. §§544(b)(1) and 550, and M.G.L. ch. 109A, §5(a)(2), the Plaintiff is entitled to avoid and recover the payments made by the Debtor to Quinnipiac.

## COUNT 2

17. The Plaintiff repeats and realleges paragraphs 1 through 16 and incorporates them herein.

18. Some, if not all, of the payments made by the Debtor to Quinnipiac, occurred within two years prior to the Petition Date.

19. The Debtor did not receive reasonably equivalent value in consideration for the payments made to Quinnipiac on behalf of Saman.

20. Upon information and belief, the Debtor was insolvent on the dates the payments were made or the Debtor became insolvent as a result of the payments.

21. Pursuant to 11 U.S.C. §§548(a)(1)(B) and 550, the Plaintiff is entitled to avoid and recover the payments made by the Debtor to Quinnipiac.

**WHEREFORE**, the Plaintiff requests that the Court:

a) enter judgment against the Defendant avoiding the payments made by the Debtor to the Defendant, and enter a money judgment against the Defendant in the amount of $41,000, plus legal fees and costs incurred in the prosecution of this action, plus interest from the date of the filing of this Complaint; and

b) grant the Trustee such further relief as this Court deems just and proper.

David W. Ostrander, Trustee, Plaintiff

Dated: March 14, 2019

By: /s/ David W. Ostrander
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road, P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490
E: david@ostranderlaw.com